MOTION PICTURE ADVERTISING CO., INC., v. CAPELLE

____

(November 30, 1931. Opinion and Decree.)
(December 14, 1931. Rehearing Refused.)
(February 1, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

____

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellant.

W. M. Stafford and Daniel Wendling, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This is a suit on an advertising contract for the sum of $430. On July 13, 1927, plaintiff entered into an agreement with Mrs. Virginia Capelle, as the owner of Capelle College, whereby plaintiff agreed to prepare a certain film, and exhibit it for 52 weeks in various moving picture theatres for a consideration of $10 per week, payable weekly, plus an additional charge of $30 for certain special work to be done in the preparation of the film; the entire contract price being $550, of which amount $120 was subsequently paid, leaving a balance of $430, for which this suit was originally brought against Mrs. Virginia Capelle.

Mrs. Capelle filed an exception of nonjoinder averring that Capelle College was a partnership composed of herself and one Soloman Scheyer, and that Scheyer and the partnership were necessary parties to the suit. Whereupon, plaintiff filed a supplemental petition asking that Scheyer be made party defendant, and alleging that the partnership between Scheyer and Mrs. Capelle had been dissolved and the affairs of the partnership liquidated without payment of plaintiff's account, "the said Virginia Capelle succeeding to the business of the partnership and assuming, as petitioner is informed and so avers, all the obligations of the said partnership." In the supplemental petition, judgment was prayed for against "Mrs. Virginia Capelle as successor to the business of said partnership, or in the alternative, that there be judgment in favor of petitioner and against said Virginia Capelle and said Soloman Scheyer, for his or her birile (virile) share."

Exceptions to the supplemental petition were filed by both Mrs. Capelle and Soloman Scheyer, which were subsequently overruled, and both defendants filed answers in which it was set up on behalf of Scheyer that the Capelle College was not a partnership enterprise, but one exclusively conducted by Mrs. Capelle, and, on behalf of both of them, that the contract though on its face for 52 weeks, was subject to cancellation at the end of ten weeks at the option of defendants, should the advertising prove unsatisfactory.

There was judgment below in favor of plaintiff and against Mrs. Virginia Capelle in the sum of $20. Plaintiff has appealed.

The contention of plaintiff is that the entire amount sued for is due, and that judgment should be rendered against both defendants for their virile share, because the Capelle College was not a separate undertaking but a venture of the partnership. The contract sued on is dated July 13, 1927, and is on a printed form. There had been a previous contract dated July 8, 1927, in which the same form was used, but in which the printed words "This order is not subject to cancellation" were changed with a pen so as to read "This order is subject to cancellation if no results." No such privilege is reserved to the Capelle College in the contract sued on, which is attached to plaintiff's petition; but it seems that

it was made in duplicate and the copy which was retained by Mrs. Capelle, which was offered in evidence, has an ink line written through the word "cancellation" so that the clause as altered reads "This order is not subject to," which, of course, is not intelligible.

Mrs. Capelle testified that it was never intended that the contract should be more than an experiment, since the school or college was essentially so. Indeed there was only one pupil to enroll in the Capelle College which had a short and unsatisfactory existence. She says that she was induced to enter into the contract for the motion picture advertising only because of the privilege of cancellation after the first ten weeks. She is corroborated by E. G. Gable, who represented plaintiff at the time the contract was entered into but, who, at the time of the trial, was otherwise employed. Mr. Gable and his wife, Mrs. Gable, both testified to the same effect, and also stated that the reason for the contract of July 13, was a statement by an officer of plaintiff corporation that the first contract had been lost. However that may be, the copy of the contract upon which this suit is brought contains no modification of the printed words giving defendants the right to cancel it before the end of the term contracted for, and defendants' copy simply deletes the word "cancellation," thus destroying the sense of the provision without giving Mrs. Capelle the right to cancel. It would therefore appear to us that if the provisions of the former contract was intended to be incorporated in the latter instrument, both contracts having been negotiated on behalf of plaintiff by Gable, that there would have been in both instruments the same provision that had been written into the first agreement, which specifically reserved to defendants the right to cancel; but such

is not the case, and we therefore conclude that in the last contract the former provision was not agreed upon. Corpus Juris, volume 18, Page 271, Verbo "Deeds." Ruling Case Law, Volume 8, Paragraph 74, Verbo "Deeds"; Heirs of Delogny v. Mercer, 43 La. Ann. 205, 8 So. 903.

The Capelle College was admittedly a venture of Mrs. Capelle. Soloman Scheyer was her partner in a kindred but different enterprise, the objects and purposes of which were stated in the original contract of partnership to be, "carrying on the business of a beauty parlor and the sale of beauty parlor equipment." It will be remembered that the contract for the advertising was given in the name of Capelle College, the style of the partnership was Capelle Company. Both Mrs. Capelle and Scheyer testified that Scheyer had nothing whatever to do with the Capelle College, which was an idea of Mrs. Capelle. It is true that Mrs. Capelle in her pleadings originally claimed that the contract with regard to the advertising was a partnership contract, but her statement prepared by her counsel could not estop Scheyer, who is represented in this proceeding by the same counsel, Mr. Wendling, who took the stand and testified that, in preparing the exceptions on behalf of Mrs. Capelle, he confused the activities of Capelle Company and Capelle College, and, in consequence, erroneously involved the partnership. The mistake of counsel cannot have the effect of establishing Scheyer's liability. There is no evidence whatever connecting Scheyer with the beauty college, and we therefore conclude that he is without liability for its obligations.

For the reasons assigned, the judgment appealed from is amended by increasing the amount awarded plaintiff from $20 to $430, and, as thus amended, it is affirmed.